BOROUGH OF CHATHAM, BOROUGH OF MADISON AND BOROUGH OF FLORHAM PARK AND BRAIDBURN REALTY CORPORATION, A CORPORATION, PROSECUTORS, v. BOARD OF CONSERVATION AND DEVELOPMENT AND CITY OF EAST ORANGE, RESPONDENTS.

Submitted May term, 1929—Decided November 7, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutors, *Riker & Riker, Henry G. Pilch* and *Robert E. Burke.*

For the respondents, *William A. Stevens* and *Walter C. Ellis.*

PER CURIAM.

A writ of *certiorari* was allowed in this case to review the action of the board of conservation and development in granting to the city of East Orange permission and authority to obtain an additional water supply for that city from land belonging to the Braidburn Realty Corporation, located in the borough of Florham Park. Both the company and the borough are prosecutors of the writ.

It is claimed on behalf of the prosecutors that the application of the city was insufficient to confer jurisdiction on the board. The application is made by virtue of authority conferred by chapter 304, laws 1910, section 2, of which forbids municipality appropriation by condemnation proceedings of lands or water without submission of the maps and plans to the commission and obtaining its approval. Section 3 provides that the application shall show the sources of the proposed supply, approximate location of the wells, their estimated capacity and an abstract of official reports relating to the same and the need for an added supply. It further provides that the commission shall by advertising in one or more newspapers published in the vicinity give notice of a public hearing at which all persons of the municipalities affected may be heard. It is contended that the application was faulty in that there was failure in all of these respects.

The sources of supply stated were the glacial deposits, the point of the proposed diversion being located six hundred feet, plus or minus, from the Dickinson Well No. 1, belonging to the city of East Orange, located in Morris county, Florham Park borough and directly across the Passaic river from the above mentioned well. The maps and plans accompanying the application corresponded therewith. In just what respect insufficiency here appears we are at a loss to determine.

So with respect to the quantity which is estimated at two million to four million gallons daily. It is obviously impossible to measure with entire accuracy the quantity of water that may be obtained from underground sources and the statute requires but an estimate. This is we think adequately given.

So again with respect to the advertising effected by the board. Advertisments were placed in the Newark Evening News, published at Newark; in the East Orange Record, published at East Orange; in the Daily Record of Morristown, published at Morristown. Morristown is the county seat of Morris county in which Florham Park is located and the court will take judicial notice of the fact that it is within a distance of five miles from that borough. It is contended newspapers are published in Madison and Chatham, municipalities nearer in point of distance than Morristown. This contention seems to us unworthy of serious consideration. The statute must be given a reasonable interpretation, and as between local publications in minor towns a mile or two nearer the location of the wells and a publication in a newspaper at the county seat, it would be absurd to hold that for the purpose of the statute the selection of the latter was not in contemplation. The purpose of the statute is effective notice, and it is quite obvious that such notice would be more effectively given through the latter publication. It is sufficient for present purposes to say that we hold that the publication in the Morristown Record at least was in the vicinity of the proposed location of the well as required by the act.

It is next contended that the proceedings of the board itself were faulty in failing to comply with the requirements of the act as to hearing and disposition. Evidence was taken

as provided by the statute and a report prepared thereon and submitted to five of the eight members of the board. This report was signed by these five members and their action subsequently ratified and confirmed by the board as an entirety. We think these proceedings were sufficient to meet the requirements of the statute and that the conclusion of the board should not be disturbed for this reason.

Finally it is contended that the approval of the board was not justified under the evidence in that it did not sufficiently appear that public necessity or reasonably anticipated use was established; that non-interference with other municipal supplies was not established; that non-injury to private interests was not established. The question for this court on review is to determine in the language of the statute the "reasonableness, legality and form" of the proceedings. Voluminous testimony was taken on these various points and while it was not free from controversial proof, we are satisfied that the conclusion of the board thereon was justified.

The order of the board of conservation and development is affirmed.